United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACEY ATKINS,<br>SPN 02010951,<br>Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00055 |
| GLORIA EZEANI, TABITHA GREEN,<br>and NWACHKWO ANAZODO,<br>Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Stacey Atkins (SPN 02010951), filed this prisoner *pro se* civil rights action while confined in the Harris County Jail. *See* Doc. No. 1. Having conducted the screening required by the Prison Litigation Reform Act (the "PLRA"), the Court **DISMISSES** this case for failure to state a claim for which relief may be granted for the reasons set forth below.

## I. BACKGROUND

Atkins names Gloria Ezeani, Tabitha Green, and Nwachkwo Anazodo, nurses at the Harris County Jail, as the defendants in her complaint. Doc. No. 1 at 3. She alleges that on August 25, 2024, Nurse Green gave her Tylenol by mistake. *Id.* at 6; Doc. No. 9 at 1. Atkins states that she is allergic to Tylenol and that her allergy is noted in her medical files. Doc. No. 1at 6; Doc. No. 9 at 1-2. Atkins alleges that Green told Atkins that she gave her Tylenol once Green "realized that she had made a mistake by providing me the wrong

medication." Doc. No. 9 at 1. Atkins reports that when she heard that she was given the wrong medication, she fainted, hit her head, and had seizures. Doc. No. 1 at 6. She states that she was taken to the medical clinic at the Jail, where she was given steroids 3 times and received shots of Benadryl in each arm. *Id.*; *see also* Doc. No. 9 at 3. She alleges that her injuries are the result of negligence and the medical staff's lack of knowledge. Doc. No. 1 at 6. She seeks compensation for her injuries. *Id.* at 4.

## II. LEGAL STANDARDS

Because Atkins was a prisoner at the time she filed this lawsuit, the Prison Litigation Reform Act ("PLRA") applies to her complaint. Under the PLRA, the Court "shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A plaintiff's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir.1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing

*Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Violations of state law or torts based in negligence are insufficient to state a viable claim under section 1983. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Therefore, Atkins must allege facts to show a violation of federal law by a state actor to maintain a claim under section 1983.

To plead a Fourteenth Amendment violation in the context of medical care in an episodic-act-or-omissions claim, a pre-trial detainee must allege facts to show that the official acted with deliberate indifference to her serious medical need. *See Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241-42 (5th Cir. 2021) (noting that the Fourteenth

Amendment imposes a duty on states to provide pretrial detainees with "'basic human needs, including medical care and protection from harm'") (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)). Deliberate indifference requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is an "extremely high standard to meet," *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." *Morgan v. Hubert*, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting *Farmer*, 511 U.S. at 837). In other words, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In the medical context, a prisoner must show that a defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

An inmate's dissatisfaction or disagreement with the medical treatment she received, or a claim that the treatment was negligent or the result of medical malpractice, does not state a claim for deliberate indifference. *See, e.g., Wilson v. Seiter,* 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis

are insufficient to state a claim); *Norton v. Dimazana,* 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show constitutional violation); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979) (explaining that "[m]ere negligence, neglect, or medical malpractice is insufficient" to show constitutional violation). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

Atkins alleges that Nurse Green gave her Tylenol, a medication to which she is allergic, by mistake. Doc. No. 9 at 1. A mistake or medical negligence is insufficient to show medical deliberate indifference. *See Wilson,* 501 U.S. at 297; *Norton,* 122 F.3d at 291-92; *Varnado,* 920 F.2d at; *Fielder,* 590 F.2d at 107. Although Atkins states that her allergy is in her medical record and that Green had access to that record on the computer, Atkins does not allege facts to show that Green was subjectively aware of facts to infer that Atkins was at a substantial risk of serious harm, that Green actually drew that inference, and that Green refused to treat her, ignored her complaints, intentionally treated her incorrectly, or exhibited a wanton disregard for her well-being. At most, Green's actions may have been negligent, but they do not evince deliberate indifference. *See Jones v. Univ. of Tex. Med. Branch*, 236 F. App'x 931, 932 (5th Cir. 2007) (per curiam) (holding that a nurse's failure to check on a patient after placing a hot compress on his leg and severely

burning him was, at most, "negligence or medical malpractice, which is insufficient to give rise to a cause of action under § 1983"); *accord Varnado*, 920 F.2d at 321. Atkins does not plead facts to show that Green was deliberately indifferent to her serious medical needs when she mistakenly dispensed the wrong medication. *See Nunley v. Mills*, 217 F. App'x 322, 324 (5th Cir. 2007) (not designated for publication) (holding that a claim alleging that medical provider provided the wrong medication was, at best, a claim for negligence); *accord Gobert*, 463 F.3d at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.") (citations omitted).

In addition, although Atkins generally alleges that she did not receive adequate medical care when she fainted and had seizures, she states that she was taken to the medical department and received steroids and Benadryl. She does not allege any specific facts regarding what Nurse Ezeani or Nurse Anazodo did or did not do that caused her harm. *See* Doc. Nos. 1 and 9. Nor does she state any facts to show that other medical providers handling her care were deliberately indifferent to her plight or "refused to treat [her], ignored [her] complaints, intentionally treated [her] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Therefore, this case must be dismissed for failure to state a claim for which relief may be granted.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff Atkins's claims against all defendants are **DISMISSED** with prejudice under 28 U.S.C. §§1915A, 1915(e)(2)(B), for failure to state a claim for which relief may be granted.
2. All pending motions, if any, are **DENIED as MOOT.**
3. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: **Three_Strikes@txs.uscourts.gov**

The Clerk will provide a copy of this order to the parties.

SIGNED on this 21st day of October 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE